[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a hearing in damages on December 11, 2001, the court heard testimony from the plaintiff and his wife. Liability was admitted and the defendant did not appear. There were three exhibits consisting of medical reports and bills from the Backus Hospital, Robert C. Marchand, M.D. of South County Orthopedics and Philippe H. Morrisseau, D.M.D. of Aesthetic Dentistry of Wickford.
The plaintiff testified that he was a supervising security guard at Foxwoods Casino. The defendant was a patron at the casino. On October CT Page 16911 25, 1998, the plaintiff was told there was a drunk patron in the Atrium Lounge. He went to investigate and the defendant punched him in the mouth causing him to fall backwards and strike his head on a chair.
He got up and pursued the defendant and grabbed him to subdue him until help came at which time the defendant was arrested.
At the hospital, the plaintiff, age 61, was found to have a chipped tooth and a contusion of the scalp. He treated with Dr. Marchand for a neck injury. He was examined and given two physical therapy treatments. He was found in no pain and discharged on November 18, 1998.
He returned to the doctor six months later on May 12, 1999 as a result of some neck pain. No further treatment was ordered. He was found to have had preexisting cervical arthritis, which had been painless and symptom free since 1978, when he received a medical discharge from the New Haven police force.
With respect to the damage to his teeth, his testimony and the report of the dentist confirms that what he chipped was two false teeth that were part of a fractured maxillary anterior bridge. The report indicates that as a result of the blow to his mouth the plaintiff required that the prior bridge be removed and entirely replaced. Although the defendant argued that only two teeth were fractured, this court finds that the report supports the necessity of replacing the entire bridge even though only two teeth were fractured by the blow to the mouth. The original bridge showed fractures to the metal also as a result of the trauma. The court is firmly convinced that the entire bridge had to be replaced. The workman's compensation carrier did accept this entire bill.
The medical bills of the hospital and Dr. Marchand are not in dispute:
Backus Hospital $217.59
Dr. Marchand $570.00
Total $787.59
The court accepts the final bill of Dr. Morrisseau in the amount of $6,430 for total economic damages of $7,217.59.
The court does not award punitive damages for two reasons. First, because of the state of intoxication of the defendant the court cannot find the requisite intent to injure the plaintiff. Secondly, the defendant agreed to admit liability believing there would be no claim for punitive damages. As a result, he was prejudiced by being unable to CT Page 16912 present evidence on that issue. Accordingly, the claim for punitive damages is denied.
As to non-economic damages, the court finds that the plaintiff was fully recovered from his injuries by November 18, 1998, less than one month after the incident. The dental work to replace the bridge that was broken was a long and painful procedure. The plaintiff also suffered mental anguish and anxiety as a result of being punched in the mouth by a patron. As a result of all of the above, the court finds that the plaintiff is entitled to $12,500 in non-economic damages.
The court therefore awards as damages:
Economic Damages: $7,217.59
Non-economic Damages: $12,500.00
Total: $19,717.59
D. Michael Hurley Judge Trial Referee